AUTHORITY TO LICENSE SOCIAL WORKERS The powers and duties of the Board of Registration of Social Workers in 59 O.S. 1256 [59-1256] (1971), governing the registration of social workers do not include the power and authority to "license" and "police" social workers within the State of Oklahoma. The Attorney General has considered your request for an opinion wherein you inquire: "Is 59 O.S. 1256 [59-1256] to be construed to mean that the Board of Registration of Social Workers has the power and authority to 'license' and 'police' social workers within the State of Oklahoma?" Title 59 O.S. 1256 [59-1256] (1971), provides for the following: "The Board is authorized to adopt and, from time to time, revise such rules and regulations not inconsistent with this law as may be necessary to enable it to carry into effect the provisions of this law. The Board shall recommend for registration only duly qualified applicants. The Board shall review applications for registration at least twice a year. The Board shall adopt policies governing the renewal of registration of duly qualified applicants. The Board shall have the power to conduct hearings upon charges calling for revocation or suspension of a registration. The Board shall cause the prosecution of all persons violating this law and shall keep a record of all its proceedings. The Board may utilize such other persons as may be necessary to carry on the work of the Board. Title 59 O.S. 1251 [59-1251] (1971), outlines the kinds of conduct prohibited by registration. The same provides: "In order to safeguard the welfare of the people of the State of Oklahoma, it shall be unlawful for any person to represent himself as a registered social worker in this State, or to use any title, abbreviation, sign, card, or device to indicate that such a person is a registered social worker unless such person has been duly registered as such under the provisions of this law." In response to your question, Sections 59 O.S. 1256 [59-1256] and 59 O.S. 1251 [59-1251] must be read together for import and effect. And, a plain reading of the two sections reflects that the Legislature disclosed no intent to limit the activity of social workers based on a determination of personal qualifications of the applicant. The provisions of the two sections have no regulatory purpose other than the prohibiting of non-registered social workers from representing themselves as registered social workers or using any title, abbreviation, sign, card, or device to indicate that such a person is a registered social worker. The effect of this prohibitory legislation clearly negates any intention of licensing powers of the Board and reflects a distinction in that there are no set standards of personal fitness and skills that applicants must meet as a condition precedent to engaging in activities of social work nature. In Galuan v. Superior Court of the City and County of San Francisco, 452 P.2d 930, the Court sets forth the basic distinction between licensing and registration. The Court said: "Any requirement that an item be registered before it can be lawfully used involves, of course, 'permission to do a particular thing', and to that extent 'registration' is the same as 'licensing'. But the basic, and commonly held, distinction between licensing and registration is that licensing regulates activity based on a determination of the personal qualifications of the licensee, while registration catalogs all persons with respect to an activity, or all things that fall with certain classifications." And, the Oklahoma Supreme Court in Boydston v. State, Okl., 277 P.2d 138, 142, held: "It is a generally accepted rule, and we think a wholesome one, that Boards created by statute may only exercise the powers granted by statute. Such Boards are usually granted authority to make rules for their various procedures, but this does not include the authority to make rules which in effect extend their powers beyond those granted and fixed by statute." It is, therefore, the opinion of the Attorney General that your question be answered in the negative in that the powers and duties of the Board in Section 59 O.S. 1256 [59-1256] governing the registration of social workers do not include the power and authority to "license" and "police" social workers within the State of Oklahoma. (Nathan J. Gigger)